# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

———————

PUEBLO OF SANDIA and SANDOVAL ENVIRONMENTAL ACTION COMMUNITY,

        Plaintiffs,

v.

THE UNITED STATES; DANIEL GLICKMAN, Secretary of Agriculture; and JEANINE A. DERBY, Cibola National Forest Supervisor,

        Defendants.

No. CIV 95-576 BB/LFG

## MEMORANDUM OPINION
## AND
## ORDER DENYING ATTORNEY'S FEES

THIS MATTER comes before the Court on the motion of Plaintiffs' counsel for an award of attorney's fees, costs, and expenses, and this Court having reviewed the briefs and affidavits of counsel and the Court being familiar with the litigation, FINDS the motion is not well taken and it will be Denied.

## **Discussion**

In May 1995, Plaintiffs filed suit seeking to reverse the decision of the National Forest Service to permit access to a privately held parcel, the Gallegos/Gurule tract, by means of an easement over the Cibola National Forest. Plaintiffs attacked the third Environmental Assessment arguing: (1) the Forest Service violated the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*, by preparing an inadequate analysis of the environmental impacts of the easement proposal; (2) the Forest Service violated the Alaska National Interest Lands Conservation Act ("ANILCA"), 16 U.S.C. § 3210(a), by not making the required finding of reasonable use of the private lands before approving the easements; (3) the Forest Service violated the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470f, because the agency did not consider the impacts of historic properties or make a reasonable, good faith effort to gather information on historic properties known to exist in the affected area in order to evaluate their eligibility for the National Register of Historic Places; and (4) the Forest Service's approval of the easements in light of the foregoing was arbitrary, capricious and otherwise not in accordance with the law and therefore violated the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.*

On June 16, 1997, this Court entered a summary judgment on all but Plaintiffs' third claim under NHPA.  This Court remanded so that the Forest Service could reconsider its order as it related to NHPA in light of the Tenth Circuit's then recent decision in *Pueblo of Sandia v. United States*, 50 F.3d 856 (10th Cir. 1995).  Upon remand, the Forest Service again approached the Pueblo of Sandia ("Pueblo") in an attempt to determine what impact, if any, access to the Gallegos/Gurule tract would have upon the traditional, religious and/or cultural practices of the Pueblo and how such impact could be ameliorated.  The October 17, 1997, memo of Robert Leaverton, Acting Forest Supervisor, was attached to the Defendants' Opposition to Plaintiffs' Request for Fees and Costs as Government Exhibit B.  That memo indicates the Pueblo is opposed to the private landowners being given <u>any</u> access to their property.  Thus, there is no practical way to even consider, much less accommodate, any impact on the historical or cultural practices of the Pueblo.

The NHPA provides for an award of attorney's fees and costs to any party who "substantially prevails" in any action brought to enforce the provisions of NHPA.  16 U.S.C. § 470w-4.  *See West Virginia v. Casey*, 499 U.S. 83, 89 n. 4 (1991) (NHPA listed among statutes shifting attorney's fees).  While there is little case law interpreting this attorney's fees award provision, the plain language of the

3

NHPA requires a determination whether the party has substantially prevailed. *National Trust for Historic Preservation v. Corps of Eng'rs*, 570 F. Supp. 465, 468 (S.D. Ohio 1983); *Paulina Lake Historic Cabin Owners Ass'n v. Forest Service*, 577 F. Supp. 1188, 1196 (D. Or. 1983); *WATCH v. Harris*, 535 F. Supp. 9, 12 (D. Conn. 1981); *Shubert v. Kemp*, 1993 WL 121263 (E.D. La. 1993).

The few courts which have addressed attorney's fees under the NHPA have generally looked to decisions under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, for guidance. *National Trust*, 570 F. Supp. at 468; *Shubert*, 1993 WL 121263 at 1. In *Hewitt v. Helms*, 482 U.S. 755, 760-61 (1987), the Supreme Court held that a party obtaining merely interlocutory relief did not prevail and stated: "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *See also Rhodes v. Stewart*, 488 U.S. 1 (1988); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). Most recently, in *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992), the Supreme Court summarized the requirements for prevailing party status as: "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." In *Farrar*, the Supreme Court reaffirmed that "a technical victory may be so insignificant …

4

as to be insufficient to support prevailing party status." 506 U.S. at 113-14 (citing *Garland*, 489 U.S. at 792).

In the present case, Plaintiffs obtained none of the relief requested in their complaint despite their assertions that they have prevailed because the Court ordered the Forest Service to explore ways to limit any impact on Pueblo cultural practices a second time. The complaint sought an injunction prohibiting the Forest Service from taking further action on the Gallegos/Gurule easement, and "[f]or an order declaring that the Forest Service did not make a good faith and reasonable effort to identify the Pueblo of Sandia's traditional cultural properties in the area affected by the undertaking." Compl. at 9. This Court's memorandum opinion and order, filed June 16, 1997, did not set aside the Forest Service's decision, but only remanded for a further attempt to ascertain the location and nature of the Pueblo's cultural interest in the area. It is now clear the Pueblo will not cooperate with this effort and that the Forest Service cannot make further progress on the issue without the cooperation of the Pueblo.

The Forest Service reasonably concluded that no other road location would meet the Pueblo's desire that there be no development of the private land. Ex. B at 3. The Court has already determined that access to the private land is proper under ANILCA. Mem. Op. & Ord. at 7-8.

Thus, the limited remand did not grant Plaintiffs any of the substantive relief they requested and did not "... materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12.

## **O R D E R**

For the reasons set forth above, Plaintiffs' motion for attorney's fees [#56] is **DENIED**.

Dated at Albuquerque this 18th day of December, 1997.

_____
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiffs:

Grove T. Burnett, David Gomez, Western Environmental Law Center, Taos, NM

Counsel for Defendants:

John W. Zavitz, Assistant U.S. Attorney, Albuquerque, NM